IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CHARLES D. HELLOMS
ADC #146908                                                                                           PLAINTIFF

V.                              NO. 4:23-cv-00591-BRW-ERE

JAMES SHIPMAN, *et al.*                                                                       DEFENDANTS

### RECOMMENDED DISPOSITION

**I.     Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Wilson can adopt this Recommendation without independently reviewing the record.

**II.    Background:**

Plaintiff Charles D. Helloms, an Arkansas Division of Correction ("ADC") inmate at the Maximum Security Unit, filed this civil rights lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2*. Mr. Helloms' complaint alleges that Defendants: (1) retaliated against him for his use of the grievance process by failing to restore his classification or release him to general population; (2) discriminated against him; (3)

violated ADC policy and procedure by failing to restore his classification or release him to general population; (4) forced him to participate in a fraudulent step-down program in violation of his constitutional rights; and (5) denied him mental and physical medical care. He requests declaratory, injunctive, and monetary relief.

For the following reasons, Mr. Helloms' complaint should be dismissed for failure to state a plausible constitutional claim for relief.

## II. Discussion:

### A. Analysis

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

In deciding whether Mr. Helloms has stated a plausible claim for relief under § 1983, the Court must determine whether the allegations in the complaint, which are presumed true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint cannot

simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.* at 561 (citation omitted). Rather, the facts set forth in the complaint must "nudge [the] claims across the line from conceivable to plausible." *Id.* at 570.

## B. Retaliation Claim

To state a retaliation claim, Mr. Helloms must allege that: (1) he engaged in constitutionally protected activity; (2) Defendants took adverse action against him that would chill a person of ordinary firmness from engaging in that activity; and (3) retaliation was a motivating factor for the adverse action. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004) (internal citation omitted) (inmate "must show that impermissible retaliation was the actual motivating factor for his transfer"). Moreover, allegations of retaliation must be more than speculative and conclusory. *Atkinson v. Bohn*, 2009 WL 4825169, *904 (8th Cir. 2009) (per curiam) (plaintiff "failed to state a retaliation claim because he . . . failed to allege which defendants were involved in or affected by his grievances."). As explained in *Rienholtz v. Campbell*, "an inmate cannot immunize himself . . . merely by filing [lawsuits] and then claiming that everything that happens to him is retaliatory." 64 F. Supp. 2d 721, 733 (W.D. Tenn. 1999) (internal citation omitted). "If that were so, then every prisoner could obtain review of non-

3

cognizable claims merely by filing a lawsuit or grievance and then perpetually claiming retaliation." *Id*.

Mr. Helloms' complaint alleges that, beginning in June 2022, various ADC officials recommended that Mr. Helloms' classification be restored so that he could be transferred from restricted housing to general population. However, Warden Shipman would not approve his class promotion or release. Mr. Helloms claims that Warden Shipman "was being retaliatory towards him because of the defendant failing to agree for the Plaintiff to receive his entitled class promotion." *Doc. 2-1 at 10-11*.

Mr. Helloms then began filing grievances regarding all Defendants' failure to restore his classification to allow him to be released to general population. *Id. at 10-11*. He alleges that Defendants refused to approve his release based on his use of the grievance process.

Based on the grievance papers attached to Mr. Helloms' complaint, ADC officials refused to restore his classification level based on a change in ADC policy. Based on the policy revision, ADC officials may not restore, or improve, the classification level for an inmate housed in restrictive housing. Rather, that inmate must remain a Class IV inmate. *Doc. 2-1 at 59, 61, 68, 73, 75, 78, 80*. In addition, according to Mr. Helloms' grievance papers, on March 23, 2023, ADC officials found Mr. Helloms guilty of a disciplinary violation that resulted in his removal from

4

the Step-Down Program and a reduction in classification. *Id. at 88*. At that time, ADC officials noted that Mr. Helloms had another disciplinary charge pending and his release plan was subject to modification. *Id*.

Accordingly, based on the attachments to Mr. Helloms' complaint, ADC officials had legitimate reasons to deny his requests to restore his classification and be released to general population. While Mr. Helloms may disagree with their reasoning and the ADC policy at issue, his unsubstantiated and speculative allegations that Defendants retaliated against him based on his use of the grievance procedure fail to state a plausible constitutional claim for relief.

C. **Equal Protection Claim**

In his complaint, Mr. Helloms alleges that Defendants "discriminated" against him because they allowed inmates who were serving one-year sentences in restrictive housing to be released to general population, but they refused to release Mr. Helloms, who was only serving a 90-day sentence. *Id. at 11*. Mr. Helloms' claim is best characterized as an equal protection claim.

Mr. Helloms' allegations do not involve the violation of a fundamental right or membership in a protected class. Accordingly, to state an equal protection claim, he must allege facts to show that "similarly situated inmates were treated differently and that this difference in treatment bore no rational relationship to any legitimate penal interest." *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998) (citing *Timm*

*v. Gunter*, 917 F.2d 1093, 1103 (8th Cir. 1990)); see also *Phillips v. Norris*, 320 F.3d 844, 848 (8th Cir. 2003) (stating that absent assertion of membership in a protected class or violation of a fundamental right, an inmate must show that similarly situated inmates received different treatment and that the difference in treatment had no rational relation to any legitimate penal interest). Mr. Helloms fails to include any such facts. The speculative, conclusory, and unsubstantiated allegations against Defendants are insufficient to state a plausible equal protection claim. See *Ashcroft*, 556 U.S. at 678 (explaining that "labels and conclusions," a "formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; and, instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face").

D. **Violation of ADC Policy**

Mr. Helloms alleges that Defendants violated ADC policy by failing to restore his classification to allow him to be transferred to general population. However, the law is well settled that failing to follow prison policies or procedures is not conduct that rises to the level of a constitutional claim. *McClinton v. Arkansas Dep't of Corr.*, 166 Fed. Appx. 260 (8th Cir. 2006) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)).

### E. Assignment to the Step-Down Program

Mr. Helloms complains that Defendants "were running a scandal with the Step-Down Program by it being in active," and that he was "enrolled improperly" into the Program. *Id.* at 13, 14. While it is unclear what constitutional claim Mr. Helloms attempts to assert, the Court characterizes it as a proposed deliberate indifference claim.[1]

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The Supreme Court has held that the Eighth Amendment requires prison officials to take "reasonable measures to guarantee the safety of the inmates [and] ... to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832B33, (1994) (quotations omitted).

In order to establish a constitutional violation based on his assignment to the Step-Down Program, Mr. Helloms must allege that: (1) this assignment posed a substantial risk of serious harm (objective component); and (2) Defendants knew of but disregarded, or were deliberately indifferent to, Mr. Helloms' health or safety (subjective component). *Pagels v. Morrison*, 335 F.3d 736, 740 (8th Cir. 2003); *Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998). The United States Supreme

---

[1] In the portion of his complaint titled, "Legal Claims for Relief," Mr. Helloms appears to seek to hold each Defendant criminally liable for "embezzlement, larceny, [and] white collar crime." *Id.* at 16-22. However, Mr. Helloms lacks standing to pursue any such criminal charges against Defendants. See *Anguiano v. Dallas County Jail Under Sheriff*, 590 Fed. Appx. 652 (8th Cir. 2015) (unpublished per curiam) (plaintiff lacked standing to seek criminal charges against jail guards).

Court has clarified that "deliberate indifference does not require a prisoner seeking a remedy for unsafe conditions to await a tragic event such as an actual assault before obtaining relief." *Farmer*, 511 U.S. at 845. Although Mr. Helloms appears to claim that the Step-Down Program is fraudulent, he fails to allege that his assignment to the Step-Down Program posed any substantial risk of serious harm to his safety. Therefore, he fails to state a plausible constitutional claim for relief.

    **F.**    **Medical Deliberate Indifference Claim**

Deliberate indifference to a prisoner's serious medical needs constitutes the unnecessary and wanton infliction of pain and violates the Constitution. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (omitting quotations and citation). An inadvertent or negligent failure to provide adequate medical care does not amount to deliberate indifference. *Id. at 575*. Instead, deliberate indifference requires culpability akin to criminal recklessness, which is more blameworthy than negligence but "something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

To demonstrate that a defendant actually knew of, but deliberately disregarded, a serious medical need, the plaintiff must establish a mental state akin to criminal recklessness: disregarding a known risk to the inmate's health." *Thompson v. King*, 730 F.3d 742, 746–47 (8th Cir. 2013). Negligence, even gross negligence, is not deemed "an unnecessary and wanton infliction of pain." *Estelle*,

429 U.S. at 105. Rather, a defendant is liable only if his or her actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Dulany*, 132 F.3d at 1240-1241 (citing *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

Mr. Helloms' complaint fails to include *any* factual allegations to support his medical deliberate indifference claim against any named Defendant. *Id. at 15*. Rather, Mr. Helloms simply alleges, "[w]hile suffering mentally, physically, and emotionally, and while requesting for corrective action to be taken along with adequate mental and physical treatment to be given[,] [][e]ach one of the defendants refused to assist the Plaintiff, or to seek adequate professional intervention and care." *Id*. Such conclusory and unsubstantiated allegations fail to state a plausible constitutional claim for relief.

### IV. Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Helloms' complaint be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2. Mr. Helloms' motion for preliminary injunction and temporary restraining order (*Doc. 4*) be DENIED, as moot.

3. The Clerk be instructed to close this case.

4. The Court certify that an *in forma pauperis* appeal of this dismissal

would be frivolous and not taken in good faith.

5.  In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

Dated 3 July 2023.

_____
UNITED STATES MAGISTRATE JUDGE